IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                No. 5:18-cr-1852 RB
                                                                            No. 5:20-cr-1915 RB

JERRY WAYNE TEEL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Jerry Wayne Teel's Motion to Modify Sentence. (Doc. 28, 5:18-cr-1852.[1]) The Federal Public Defender reviewed Teel's motion and declined to file a motion on his behalf. (Doc. 30, 5:18-cr-1852.) The United States contends Teel is ineligible for a reduction. (Doc. 32, 5:18-cr-1852.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds Teel is ineligible for a sentence reduction. The Court will therefore **DISMISS** the motion.

**I.    Background**

On March 9, 2021, pursuant to a plea agreement, Teel pleaded guilty to two counts of distribution of 5 grams and more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), as well as a supervised release violation in 5:18-cr-1852. (Docs. 25–26, 5:20-cr-1915.) The United States Probation Office (USPO) provided a presentence report and computed a total offense level of 27. (Doc. 27 ¶ 26, 5:20-cr-1915.) Based on Teel's prior convictions, the USPO

---

[1] As the United States notes in its response, Teel "erroneously filed his pro se motion . . . in 18-CR-1852 RB[,]" a case in which Teel was sentenced on a supervised release violation. (*See* Doc. 32 at 1 n.1, 5:18-cr-1852.) "Section 3582(c)(2) 'does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.'" (*Id.* (quoting U.S.S.G. § 1B1.10 app. note 8(A)) (subsequent citations omitted).) The Court will treat Teel's motion as if he filed it in the appropriate case, 20-cr-1915.

calculated a criminal history score of seven. (*Id.* ¶ 35.) Because Teel committed the "offense while under a criminal justice sentence[,]" two points were added for a total criminal history score of nine, resulting in a criminal history category of IV and a guideline sentencing range of 100–125 months. (*Id.* ¶¶ 36–37.)

On August 26, 2021, the Court sentenced Teel to 87 months of imprisonment. (Doc. 33, 5:20-cr-1915.) His anticipated release date is June 9, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 1, 2024).

Since he was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Teel, acting pro se, now asks the Court to reduce his sentence pursuant to Amendment 821. (Doc. 28, 5:18-cr-1852.) The Federal Public Defender declined to file a motion on Teel's behalf, and the United States opposes the motion. (Docs. 30; 32, 5:18-cr-1852.)

**II.     Legal Standards**

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the

sentence was lower than the Guidelines range because the defendant provided substantial assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction

3

over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

### III.   Discussion

Teel is not eligible for a sentence reduction. First, the United States acknowledges that the status points amendment in § 4A1.1(e) applies here. (*See* Doc. 32 at 4, 5:18-cr-1852.) Teel was initially assessed seven criminal history points, but two status points were added under § 4A1.1(d) because he committed the offense while under a criminal justice sentence. (*See* Doc. 27 ¶¶ 35–36, 5:20-cr-1915.) With a total of nine criminal history points, Teel's criminal history category was IV. (*Id.* ¶ 37.) If the Court applied the status point amendment and gave Teel only one additional status point instead of two for a total of eight criminal history points, he would still have a criminal

history category of IV. (*See* Doc. 32 at 4, 5:18-cr-1852 (citing U.S.S.G. Sent'g Table (Nov. 1, 2023)).)

Second, given that Teel was assessed seven criminal history points, he is not eligible for the retroactive zero-point offender adjustment under Part B of Amendment 821. (*See* Doc. 27 ¶ 35, 5:20-cr-1915.)

The Court finds Teel is not eligible for a sentence reduction under Part A or Part B of Amendment 821. The Court therefore lacks jurisdiction over his motion.

**IT IS THEREFORE ORDERED** that Teel's Motion to Modify Sentence (Doc. 28, 5:18-cr-1852) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE